IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 10-cv-03080-WJM-KLM

DAVID THORNTON

    Plaintiff,

v.

REGIS UNIVERSITY

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff David Thornton brings this action against his former employer, Defendant Regis University, in which he asserts claims of racial discrimination and unlawful retaliation. Before the Court is Defendant's Motion for Summary Judgment (the "Motion"). (ECF No. 19.)

For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

### I. BACKGROUND

**A.**     **Factual Background**

The following facts are taken from the record and are undisputed:

Beginning in late 2007, Plaintiff David Thornton, a black male, began teaching as a full-time faculty member at Defendant Regis University ("Regis"). (M. Dumestre Aff., attached to SJ Motion, Ex. B, ¶ 4.) Plaintiff's employment at Regis was based on a renewable letter of appointment. (*Id.* at ¶ 2.) Plaintiff taught marketing and

international business specialization classes in Regis's MBA program. (H. Buschang Aff., attached to SJ Motion, Ex. A, ¶ 8; Dep. of D. Thornton, 21:14-21.) Plaintiff subsequently became the lead faculty member in international business. (H. Buschang Aff., ¶ 8.)

Defendant Regis is a private, Jesuit higher education institution located in Denver, Colorado. (H. Buschang Aff., ¶ 3.) Regis is comprised of three colleges, including the College of Professional Studies ("CPS"). (*Id.*, ¶ 4.) Professor Marcel Dumestre was Dean of CPS from 2006 to 2010. (M. Dumestre Aff., ¶ 2.)

CPS is in turn divided into four separate schools, including the School of Management ("SOM"). (H. Buschang Aff., ¶ 4.) Professor Heinz Buschang has been Dean of the SOM from May 1, 2009 to present. (Dep. of H. Buschang, 4:6-7.)

Plaintiff filed a number of complaints and grievances during his tenure at Regis. (M. Dumestre Aff, ¶ 6.; D. Van Dusen Aff., attached to SJ Motion, Ex. D, ¶ 5; H. Buschang Aff., ¶¶ 9, 24-26.) On December 3, 2009, Deans Dumestre and Buschang met to discuss Plaintiff's continued employment at Regis. (H. Buschang Aff., ¶ 16; Dep. of M. Dumestre, 7:21-9:21, 10:1-20.) Subsequent to that meeting, Plaintiff's letter of appointment was not renewed for the 2010-2011 academic year. (H. Buschang Aff., ¶ 17; Dep. of M. Dumestre, 28:19-29:5.)

On March 5, 2010, Dean Buschang informed Plaintiff of his decision to not renew his letter of appointment. (H. Buschang Aff., ¶ 20; Letter of Nonrenewal, attached to SJ Motion, Ex. U.) Also in the beginning of March 2010, Dean Buschang declined to offer Plaintiff the opportunity to continue teaching at Regis as an adjunct "affiliate" professor. (H. Buschang Aff., ¶ 22; Dep. of H. Buschang, 108:20-114:2.) Plaintiff's international

business courses were taught by various other faculty at Regis. (H. Buschang Aff., ¶ 18; Dep. of M. Dumestre, 29:6-21; Dep. of L. Powanga, 21:4-23.)

On April 5, 2010, Plaintiff filed an internal civil rights complaint within Regis against Deans Dumestre and Buschang for harassment, race discrimination, retaliation, and hostile work environment. (H. Buschang Aff., ¶ 27; M. Dumestre Aff., ¶ 12.)

### B. Procedural History

Plaintiff filed this action on December 19, 2010. (ECF No. 1.) Plaintiff brings claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401 *et seq.* ("CADA"), and brings claims for breach of implied contract/ promissory estoppel. (*Id.*) Plaintiff alleges a number of adverse employment actions due to race discrimination and in retaliation for reporting and opposing such discrimination. (*Id.*)

On November 28, 2011, Defendant filed a Motion for Summary Judgment. (ECF No. 19.) Defendant seeks summary judgment pursuant to Federal Rule of Civil Procedure 56 on all of Plaintiff's claims. (*Id.*) On January 3, 2012, Plaintiff filed his Opposition to Defendant's Motion (ECF No. 27), and Defendant filed its Reply Brief in Support of its Motion on January 17, 2012 (ECF No. 46).

The Motion is now ripe for resolution.

### II. LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable juror could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. Where the non-movant bears the burden of proof at trial, the non-movant must then point to specific evidence establishing a genuine issue of material fact with regard to each challenged element. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002); *In re Ribozyme Pharms., Inc. Sec. Litig.*, 209 F. Supp. 2d 1106, 1111 (D. Colo. 2002).

### III. ANALYSIS

**A.    Race Discrimination Claim**

Defendant moves for summary judgment on Plaintiff's claim that Defendant

discriminated against him based on his race through a series of adverse employment actions. Defendant argues that Plaintiff cannot show: (1) that events alleged in Plaintiff's complaint constitute adverse employment actions; (2) that Plaintiff's job remained open and available after his nonrenewal; and (3) that Defendant's basis for its employment actions were pretextual.

A plaintiff may prove a racial discrimination claim by adhering to the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In general, a plaintiff makes out a *prima facie* case for race discrimination under the *McDonnell Douglas* framework by showing that: (1) he is a member of a protected class; (2) he suffered an adverse job action; and (3) he was treated less favorably than similarly situated employees not in the protected class. See *Sydney v. ConMed Elec. Surgery*, 275 F. App'x 748, 751-52 (10th Cir. 2008).

After a plaintiff has established a *prima facie* case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the employee's discharge. See *McDonnell-Douglas Corp.*, 411 U.S. at 802.[1] Once the employer comes forward with a facially non-discriminatory reason for the adverse employment decision, the plaintiff is afforded a fair opportunity to demonstrate that the assigned reason for the allegedly discriminatory act was a pretext or discriminatory in its application. *Id*. at 804; *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1321 (10th Cir. 1997). "A

---

[1] The legal analysis for discrimination and retaliation claims under the Colorado Anti-Discrimination Act is the same as the legal analysis for such claims under Title VII. See *George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1197 (Colo. App. 1997); see also *Tafoya v. Dean Foods Co.*, No. 08-cv-02162, 2009 WL 2762738, at *2 n.3 (D. Colo. August 26, 2009).

plaintiff produces sufficient evidence of pretext when she shows 'such weaknesses, implausibilities, inconsistencies, incoherenceies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Jones v. Okla. City Pub. Sch.*, 617 F.3d 1273, 1280 (10th Cir. 2010) (quoting *Jaramilo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1308 (10th Cir. 2005)).

The Court finds that Plaintiff has established a *prima facie* case of race discrimination, and has put forth sufficient evidence to create a genuine dispute of fact as to whether Defendant's proffered basis for alleged adverse employment actions was a pretext for discrimination.

Plaintiff has submitted evidence supporting his allegations that: (1) adverse employment actions were taken against him because of his race; and (2) Plaintiff's academic courses were not eliminated after his employment at Regis ended. (D. Thornton Aff., ¶¶ 2-11; Dep. of R. Wehmhoefer, 6:5-8, 22:10-24:1, 35:24-36:10, 44:6-18 51:14-53:17; Dep. of H. Buschang, 25:22-26:22, 37:16-19, 79:4-89:2, 115:14; Dep. of K. Dudek, 5:21-6:5, Dep. of L. Powamga, 8:12-21, 10:1-14, 16:22-17:4; Dep. of J. Sipos, 21:7-22:12, 38:11-39:24.) Construing this evidence, and other evidence set forth in the summary judgment briefs, in the light most favorable to Plaintiff, a jury could reasonably find that Defendant's proffered basis for the adverse employment actions described in the Final Pretrial Order (ECF No. 32) was but a pretext for unlawful race discrimination. *See Miller v. Eby Realty Group LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005) (question of fact for jury when employer's proffered reason for adverse

employment action is called into question). Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's race discrimination claim is denied.

**B.     Retaliation Claim**

Defendant next asserts that Plaintiff has not made out a *prima facie* case for race-based retaliation.

In order to make out a *prima facie* case of retaliation, a plaintiff must present evidence that: "(1) he engaged in protected opposition to discrimination; (2) he suffered an adverse action that a reasonable employee would have found material; and (3) there is a causal nexus between his opposition and the employer's adverse action." *Johnson v. Weld Cnty., Colo.*, 594 F.3d 1202, 1215 (10th Cir. 2010) (quoting *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1086 (10th Cir. 2007)). "The requisite causal connection may be shown by producing 'evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" *McGarry v. Board of County Com'rs of Cnty. of Pitkin*, 175 F.3d 1193, 1201 (10th Cir. 1999) (quoting *Burrus v. United Telephone Co. of Kansas, Inc.*, 683 F.2d 339, 343 (10th Cir. 1982)).

Temporal proximity between protected activity and the alleged resulting adverse action may combine with additional circumstantial evidence to create a fact issue as to pretext. *See City of Prairie Village v. Butler*, 172 F.3d 736, 752 (10th Cir. 1999). Moreover, and as the Tenth Circuit has recognized, temporal proximity can contribute to a permissible inference of retaliation. *See Trujillo v. Pacificorp*, 524 F.3d 1149, 1157 (10th Cir. 2008); *City of Prairie Village v. Butler*, 172 F.3d 736, 749 (10th Cir. 1999)

(temporal proximity between request for accommodation under the ADEA and decline in employer's satisfaction with work performance contributed to inference of discrimination).

Here, the time that elapsed between Plaintiff's last complaint of discrimination to Dean Buschang and the date he was informed that his employment was not being renewed was approximately 90 days.  Such a close temporal proximity between Plaintiff's discrimination complaint and his adverse employment action, combined with the dispute of facts described above, could raise for the trier of fact a permissible inference of retaliation in this case.  See *Trujillo*, 524 F.3d at 1157.  Therefore, Plaintiff has shown a genuine dispute of fact as to whether Defendant's proffered basis for adverse employment actions was pretext for retaliation, and Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim is denied.

### C.     Implied Breach of Contract/Promissory Estoppel Claim

Finally, Defendant argues that Plaintiff's implied breach of contract/promissory estoppel claim fails as a matter of law because Regis's Employment Manual, which contained a clear and conspicuous disclaimer, did not create an implied contract of nondiscrimination.

After reviewing Defendant's arguments and evidence, the Court finds that Defendant has met its initial burden of showing an absence of evidence to support Plaintiff's implied breach of contract/promissory estoppel claim.  See *Celotex*, 477 U.S. at 325.  Moreover, Plaintiff did not respond at all to this portion of Defendants' Motion for Summary Judgment.  The question then becomes if Plaintiff has confessed this portion of Defendant's Motion.

In determining if a plaintiff has confessed a motion, the Court considers three factors: (1) the degree of actual prejudice to the non-responsive party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998); *see also Murray v. City of Tahlequah, Oklahoma*, 312 F.3d 1196, 1200 (10th Cir. 2002). "[O]nly when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Murray*, 132 F.3d at 611 (citation omitted). When balancing these factors, the Court can deem a dispositive motion "confessed" when there is a "clear record of delay" in appropriately responding to the movant's contentions in a motion. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

After considering the three factors described above, the Court finds that Plaintiff has confessed the implied breach of contract/promissory estoppel claim portion of Defendant's Motion for Summary Judgment. Plaintiff made no effort to controvert Defendant's evidence on this claim, and otherwise failed to respond to any of the legal contentions advanced by Defendant in regards to this claim. Therefore, Defendant's Motion for Summary Judgment on Plaintiff's implied breach of contract/promissory estoppel claim will be granted.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED IN PART and DENIED IN PART;

2. Defendant's Motion for Summary Judgment on Plaintiff's implied breach of contract/promissory estoppel claim is GRANTED; and

3. Defendant's Motion for Summary Judgment on Plaintiff's racial discrimination and unlawful retaliation claims is DENIED. These claims shall proceed to trial on October 1, 2012.

Dated this 3rd day of July, 2012.

BY THE COURT:

William J. Martínez
United States District Judge